UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROBERT ASSING and JAVIER RODRIGUEZ,

                              Plaintiffs,

                 -against-

Police Officer WILSON GONZALEZ, Shield No. 14016; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 2516 (SLT) (CLP)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiff Robert Assing ("Mr. Assing") is a resident of Kings County in the City and State of New York.

7. Plaintiff Javier Rodriguez ("Mr. Rodriguez") is a resident of Kings County in the City and State of New York.

8. Defendant Police Officer Wilson Gonzalez, Shield No. 14016 ("Gonzalez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Gonzalez is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 4:00 p.m. on November 7, 2013, Mr. Assing was lawfully present in the vicinity of McKibben Street and Bushwick Avenue in Brooklyn, New York.

13. The area was teeming with police officers and, moments earlier, Mr. Assing had witnessed police officers assaulting his friend.

14. For approximately two blocks, Mr. Assing and two other friends walked while surrounded by throngs of police officers.

15. While they walked, Mr. Assing was silent and calm, committing no crime or offense, as one of his friends recorded the events on Mr. Assing's phone.

16. As Mr. Assing and his friends entered an apartment building, Mr. Assing went to take back his phone and one of the officers slapped it out of his hand, breaking it.

17. Even though they knew they lacked reasonable suspicion to stop him or probable cause to arrest, the officers handcuffed Mr. Assing and arrested him for Disorderly Conduct.

18. Meanwhile, as Mr. Assing was being falsely arrested, Mr. Rodriguez was walking down the stairs of the same apartment building.

19. Mr. Rodriguez was helping his younger brother get to church when he came upon the defendants as they were arresting Mr. Assing.

20. Although they knew he had committed no crime or offense and they lacked probable cause, arguable or otherwise, to do so, the defendant officers handcuffed and arrested Mr. Rodriguez.

21. Plaintiffs were searched, placed into a police van and driven with other prisoners to the "PSA 3" Precinct.

22. At the precinct, the officers claimed to have found drugs in the van and demanded that plaintiffs take responsibility for the drugs, which they knew were not theirs, or they would charge them with possessing them anyway. Plaintiffs refused.

23. Plaintiffs were jailed at the precinct and then taken to Brooklyn Central Booking.

24. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs commit disorderly conduct and possess drugs and prepared false police reports regarding the circumstances of plaintiffs' arrests.

25. After being held approximately 24 hours, plaintiffs were arraigned and released on their own recognizance.

26. The criminal charges were subsequently adjourned in contemplation of dismissal.

27. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to their reputations.

### FIRST CLAIM
### Unlawful Stop and Search

28. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

30. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

### SECOND CLAIM
### False Arrest

31. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

33. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

34. Plaintiffs repeat and realleg each and every allegation as if fully set forth herein.

35. The individual defendants created false evidence against plaintiffs including, *inter alia*, arrest reports.

36. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

37. In creating false evidence against plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated plaintiffs' right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

38. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Abuse Of Process

39. Plaintiffs repeat and realleg each and every allegation as if fully set forth herein.

40. The individual defendants issued legal process to place plaintiffs under arrest.

41. The individual defendants arrested plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to punish Mr. Assing for comments made by his friend and, through the arrest of Mr. Rodriguez, falsely present a chaotic scene justifying the arrests. Upon information and belief, some of the officers also obtained overtime pay for the time spent processing the arrests.

42. The individual defendants acted with intent to do harm to plaintiffs without excuse or justification.

43. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **FIFTH CLAIM**
**Failure To Intervene**

44. Plaintiffs repeat and realleg each and every allegation as if fully set forth herein.

45. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

47.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   June 20, 2014
         New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiffs*